"Upon petition filed by a creditor or person deriving title from him, whose claim has not been presented within the time prescribed by law, the Probate Court, if after notice to all interested parties and hearing, it is of the opinion that justice and equity so require, and that the petitioner is not chargeable with culpable neglect in failing to present his claim within the time so prescribed, may permit petitioner to file his claim for allowance, but such allowance shall not affect any payment or distribution made before the fling of such claim, nor shall it prejudice the rights of creditors whose claims were filed within the time prescribed by law."

It is unimportant to determine what the rights of plaintiff in error were before the adoption of what is known as our present Probate Code. His rights must be determined by such Code.

From a consideration of the provisions of the Probate Code and the authorities suggested, we can not escape the conclusion that the plaintiff in error's remedy was not to bring suit before a justice of the peace, but it was to file his petition in the Probate Court under §10509-134 GC for the purpose of having his claim allowed after the time prescribed by law. Had this course been pursued, we must assume that the Probate Court would have heard his petition and properly determined the same upon the facts presented during such hearing. We find no prejudicial error in the judgment of the lower court and the same will therefore be affirmed.

HORNBECK, PJ, and BARNES, J, concur.

Burton P. Hollister, Cincinnati, and Ralph E. Clark, Cincinnati, for plaintiff in error.

Goebel, Dock & Goebel, Cincinnati, for defendant in error.

For full opinion see 49 Oh Ap 136.

## NORFOLK & W R CO v KEYSTONE PACKING CO

Ohio Appeals, 1st Dist, Hamilton Co

Decided Jan 22, 1934

## CITY TRUST & SAVINGS BANK v ELKIN

Ohio Appeals, 7th Dist, Mahoning Co

Decided Dec 21, 1934